## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**BILLY MACK NICHOLS, JR.**
**ADC #92713**                                                                                       **PLAINTIFF**

**V.**                          **CASE NO. 2:16-CV-110-DPM-BD**

**YANG, et al.**                                                                                   **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge D. P. Marshall Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.**    **Background**

Billy Mack Nichols, Jr., an Arkansas Department of Correction inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983.  (Docket entry #2)  Because of Mr. Nichols's litigation history, he cannot proceed *in forma pauperis* (IFP) in federal

court absent an allegation that he is in imminent danger of serious physical injury.[1] In his complaint, Mr. Nichols did not plead facts that would lead the Court to conclude that he was in imminent danger of serious injury. Therefore, the Court ordered Mr. Nichols to pay the $400 statutory filing fee within thirty days or risk having his claims dismissed, without prejudice. (#3)

Mr. Nichols has not paid the statutory filing fee, but has filed a number of other papers requesting, among other things, for the Court to reconsider requiring him to pay the statutory filing fee. (#11)

## III. Discussion

In his original complaint, Mr. Nichols complained that he was not provided adequate medical care from December 2015 through March 2016, for a knot in his cheek. He alleged that Defendant Yang had attempted to physically assault him when she told him to lie back in the dental chair so that she could conduct an examination.[2]

The grievance papers attached to the original complaint reveal that in February 2016, Mr. Nichols underwent an x-ray examination of his jaw, which showed an embedded "BB." (#2 at p.16) Mr. Nichols was prescribed Tegretol for pain. (*Id.*)

---

[1] The following dismissals constitute strikes for purposes of 28 U.S.C. § 1915(g): *Nichols v. Sallings*, E. D. Ark. Case No. 4:99cv00785-HW (dismissed Nov. 1, 1999); *Nichols v. Harrelson*, E.D. Ark. Case No. 4:99cv00388-SWW (dismissed August 23, 1999); and *Nichols v. Harrelson*, E.D. Ark. Case No. 4:00cv00106-JMM (dismissed April 13, 2000).

[2] He stated that he could not comply with her instructions because his hands were cuffed behind his back, making it painful to lie back in the chair.

Mr. Nichols filed a supplement to his complaint claiming that his medical pillow authorization was wrongfully terminated.  (#4)  In the grievance papers attached to the supplement, Mr. Nichols also complained that he needed to have his teeth cleaned.  When he made the request to be seen by the dentist, however, he was apparently housed in punitive isolation, so ADC officials told him to renew his request after his release from punitive isolation.  (#4 at p.7)

In his amended complaint, Mr. Nichols claimed that blood tests conducted in May 2016 revealed that he was anemic.  (#5)  He alleged that this condition had become more severe because "the defendants, except for Defendant Yang, ha[ve] been forcing the Plaintiff to have to live without podiatrist prescribed footwear and well needed wheelchair and chair-in-shower prescription."  (*Id*. at p.1)

Later, in a "judicial notice," Mr. Nichols complained that x-rays taken of his feet in August 2016 were missing.  (#6)  He also stated that Defendant Drummond had falsely reported that the x-rays results were "normal."

In a subsequent motion to amend his complaint (#9), Mr. Nichols complained that in February and March 2016, Defendant Drummond had failed to adequately address his foot problems.  He also claimed that Defendant Drummond continued to refuse him medication for his diabetes, blood pressure problems, and anemia.  He also contended that Defendant Yang still refused to treat him for the metal ball (BB) in his upper jaw.

According to the response to the grievance Mr. Nichols submitted, however, his blood results were "relatively normal" and "did not show anything that was abnormally low." (#9 at p.7)  The response also indicates that, on June 9, 2016, Defendant Drummond examined Mr. Nichols's feet and determined that there was "no medical indication" for special shoes.  (*Id*. at p.10)

In an affidavit filed with the Court on September 1, 2016, Mr. Nichols stated that he would decline any further laboratory testing. (#10)  He also complained that, in April 2016, he had made complaints of frequent urination that were not addressed.

In a motion for reconsideration (#11), Mr. Nichols alleged that he continued to suffer from risky blood pressure problems that were causing "severe/serious pain and injury[]." (#11 at p.1)  He alleged that he had been hospitalized in May 2016 due to chest pain, headaches, anemia, diabetes, blood pressure problems, shortness of breath, foot pain, and poor circulation.  According to Mr. Nichols, on June 9, 2016, Defendant Drummond examined him and ordered a complete blood count, including a hemoglobin check. (#11 at p.15)  In addition, he stated that, on June 21, 2016, Defendant Drummond had examined him for complaints of low blood pressure and issues with diabetes. (*Id*. at p.6)

In an affidavit in support of his motion for preliminary injunctive relief, Mr. Nichols repeated his previous allegations regarding Defendant Drummond's refusal to provide him adequate medical treatment.  In addition, he alleged that Defendant

Drummond had refused to treat him for tuberculosis. (#16 at p.3) As with other allegations, the grievance papers attached to his affidavit contradict his allegations.

In that affidavit, Mr. Nichols also stated that, on July 7, 2016, Defendant Drummond had examined him and had noted that complaints regarding right-jaw pain "d[id] not equal the findings[;] [t]here was not further intervention for the claim of low blood pressure indicated[;]" and a medical pillow script was "not medically indicated." (*Id*. at p.7) Mr. Nichols was instructed to restart Tegretol. (*Id*. at p.9)

On July 29, 2016, Defendant Drummond apparently examined Mr. Nichols after his complaints of frequent urination. (*Id*. at p.12) At that time, however, Mr. Nichols apparently refused to answer Defendant Drummond's questions. Defendant Drummond told Mr. Nichols that, because he had refused lab tests, Defendant Drummond could not make "an educated decision on the etiology of [his] complaints." (*Id*.)

After careful review of all of the papers Mr. Nichols has filed, including his complaint (#2), supplement (#4), amended complaint (#5), motions (#7, #9, #11, #12, #13), and affidavits (#10, #16), the Court cannot conclude that Mr. Nichols is in imminent danger of serious physical injury. Documents in the record show that the ADC medical personnel have continually responded to Mr. Nichols's complaints and have addressed his medical needs.

5

## IV.  Conclusion

The Court recommends that Mr. Nichols's claims be DISMISSED, without prejudice, based on his failure to comply with the Court's August 19, 2016 order requiring him to pay the filing fee. Mr. Nichols's pending motion to amend (#9) and motion for preliminary injunctive relief (#11) should be DENIED, as moot.

DATED this 27th day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE